Rcpt No. 150005164

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**JULIAN FRANCIS BATES,**

          Plaintiff,

VS.

Case: 2:23-cv-11071
Assigned To : Cox, Sean F.
Referral Judge: Altman, Kimberly G.
Assign. Date : 5/5/2023 3:18 PM
Description: CMP BATES V. GENERAL MOTORS ET AL (DA)

**General Motors,
INC., d/b/a GM, Bruce Van Vliet
and Carol Carleton,**
jointly and severally,

          Defendants.

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

There is no other civil action pending in this Honorable Court or any other Court arising out of the same transaction and occurrence. The Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42U.S.C.

**NOW COMES** Plaintiff, **JULIAN FRANCIS BATES**, for his Complaint against Defendants General Motors, Inc. d/b/a GM, Bruce Van Vliet and Carol Carleton, stating the following:

## INTRODUCTION

1. Plaintiff Julian Bates ("Plaintiff" or "Mr. Bates") was employed with Defendant General Motors, Inc. ("Defendant" or "GM") for approximately one year and three months. Most recently, Mr. Bates worked as a component validation engineer at the Defendant's Pontiac, Michigan and Warren, Michigan locations including doing work at home remotely.

2. Within this Complaint, Mr. Bates alleges that the decision to terminate him was based on his race and gender in violation to his rights under Title VII of the Civil Right Act of 1964, 42 U.S.C. §2000 et seq., 42 U.S.C. § 1981, and Michigan's Elliot-Larsen Civil Rights Act, M.C.L. § 37.2101 *et. seq*

## PARTIES

3. Plaintiff Julian Francis Bates is an African-American individual who was employed with the Defendant General Motors, Inc. and resides in Detroit, Michigan, Wayne County.

4. Defendant General Motors, Inc. ("GM") is an international corporation headquartered in Detroit, Michigan. GM's registered business address in Michigan is 300 Renaissance Center Detroit, MI 48243. I believe written correspondences can be sent to P.O. BOX 33170 Detroit, MI 48232-5170.

5. Defendant Bruce Van Vliet (or "Mr. Van Vliet") is an individual and retired agent of Defendant GM. At all times relevant to this lawsuit Mr. Van Vliet served as supervisor of Mr. Bates until Mr. Van Vliet retired. Mr. Van Vliet was a manager responsible for General Motors transmission and driveline components and programs at the Defendant's Warren, Michigan location. Upon information and belief, Mr. Van Vliet resides within the Eastern District of Michigan.

6. Defendant Carol Carleton (or "Mrs. Carleton") is an individual and agent of Defendant GM. At all times relevant to this lawsuit Mrs. Carleton served as Mr. Van Vliet's supervisor. Mrs. Carleton also was Mr. Bates' supervisor approximately for the last two months of Mr. Bates' employment at the Defendant's Warren MI location after Mr. Van Vliet retired from GM. Upon information and belief, Mrs. Carleton resides within the Eastern District of Michigan.

## JURISDICITON AND VENUE

7. This Court has original jurisdiction of Plaintiff's § 1981 claims pursuant to 28 U.S.C. § 1331. The Court has original jurisdiction of Plaintiff's Title VII claims pursuant to §706 of Title VII, 42 U.S.C. §2000 *et seq.*

8. Plaintiff has exhausted all available administrative remedies and has obtained his "right to sue letter" from the EEOC.

9. This Court is the proper venue pursuant to 28 U.S.C. § 1391(b).

10. Plaintiff's Complaint is timely in accordance with the procedures set forth in §706(f)(1) of the Civil Rights Act of 1964, in that this civil action was filed within 90 days of receipt of the notice given by the United States Equal Employment Opportunity Commission/Department of Justice of his right to file a civil action in an appropriate United States District Court.

11. Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claim.

## GENERAL ALLEGATIONS

12. Julian Bates is an African-American and a member of a protected class based on his race.

13. Julian Bates is a man and a member of a protected class based on his gender identity or sexual orientation.

14. Mr. Bates began working for Defendant General Motors, Inc. ("GM") on or around, February 22, 2021 at the Defendant's Warren, MI location.

15. In July 2021, after only five months in Mr. Bates' new position at General Motors (GM), and as the newest employee in his group, Mr. Bates was assigned the most work in his group of several more experienced engineers who all had more experience than Mr. Bates at GM. Mr. Bates' workload included him being responsible for the most parts or components in his group working under

Bruce Van Vliet and Mr. Bates was also responsible for an additional Design for Six Sigma project that other similarly situated employee's were not responsible for. Soon after Mr. Bates was assigned the most work in his group, Mr. Bates' supervisor, Mr. Van Vliet who is white by race, began questioning Mr. Bates' ability to do his job in August of 2021.

16. On February 8, 2022, Mr. Bates complained to his supervisor, Bruce Van Vliet, that it was inappropriate for Mr. Van Vliet to allow a negative conversation in the group staff meeting that included Mr. Bates, Mr. Van Vliet and all other employees working under Mr. Van Vliet's supervision. Mr. Van Vliet let similarly situated white employees, Matthew Kiser and James Schweikert, argue that Schweikert's newborn child caused Kiser to have too much work to handle in our group staff meeting. Van Vliet responded to Mr. Bates' complaint by saying the negative discussion about James Schweikert's newborn child was "very appropriate". The negative conversation involved Matthew Kiser being upset because Mr. Kiser believed that he had to do more work because of Mr. Schweikert's maternity leave due to his spouse birthing a newborn child. Mr. Van Vliet was completely silent as the negative conversation went on, Mr. Van Vliet did not follow the General Motors (GM) Behaviors' policy that all employees are held to. The GM Behaviors' policy does not support a supervisor being silent when seeing someone being marginalized and allow conscious or unconscious biases to

5

negatively impact beliefs and relationships. Mr. Kiser was later promoted after initiating such an inappropriate conversation and contributing to a negative work environment. Ultimately, Mr. Bates was terminated for following GM's policies, while a similarly situated white employee, Mr. Kiser, was promoted for not following the company's policy on behavior.

17. On or around the next day, February 9, 2022, Mr. Bates complained to his human resources representative, Michelle Hicks, that Mr. Van Vliet told Mr. Bates an inappropriate conversation in Van Vliet's staff meeting was called "very appropriate" by Van Vliet. After Mr. Bates' complaint to human resources, Mr. Van Vliet announced his retirement on or around a week later.

18. On February 14, 2022, in illegal retaliation to Mr. Bates complaint about Mr. Van Vliet's "very appropriate" comment, Mr. Van Vliet made several false statements on Mr. Bates' year end performance evaluation and informed Mr. Bates that Mr. Bates was being put on a plan for improvement (PFI) for alleged poor job performance. Mr. Van Vliet gave Mr. Bates year 2021 job performance the worst possible performance rating. On or around the next day, February 15, 2022, Mr. Bates formally let Mr. Van Vliet know that Mr. Bates wanted to protest Mr. Van Vliet's end of year performance evaluation of Mr. Bates using GM's Open Door Process and policy. Mr. Van Vliet in response to Mr. Bates' protest

scheduled a meeting on March 14, 2022 but retired and left the company on or around two days later.

19. Mr. Van Vliet made Mr. Bates' plan for improvement (PFI) more difficult by requiring Mr. Bates to attend all "PDT meetings" when several of these PDT meetings occurred at the same time or overlapped in time and did so on a weekly basis, and therefore it was impossible for Mr. Bates to fully attend all meetings weekly. Before February 14, 2022 Mr. Bates was not required to attend all PDT meetings. Since attending all PDT meetings was apart of Mr. Bates' plan for improvement (PFI), which was evaluated weekly, this requirement made Mr. Bates' work environment hostile due to this harassment being repeated every week from February 14 to May 9, 2022. Therefore, this harassment was pervasive enough to make it impossible for Mr. Bates to be able to perform the functions of his job, due to Mr. Bates not being able to be in multiple meetings at the same time.

20. The requirement for Mr. Bates to attend all PDT meetings was unwelcomed and Mr. Bates complained to his supervisor, Mr. Van Vliet, and human resources, Mrs. Hicks, but Mr. Bates complaints were never responded to regarding the PFI requirement to attend all PDT meetings. This requirement to attend all PDT meetings resulted in an adverse employment action as Mr. Bates was terminated from General Motors on May 9, 2022 for poor job performance.

21. On or around March 16, 2022, Mr. Van Vliet retired and was no longer an employee of General Motors. However, Mr. Bates' plan for improvement (PFI) continued with Carol Carleton a woman, who was Mr. Van Vliet's supervisor before Mr. Van Vliet retired. As part of GM's open door process and policy, Mrs. Carleton was now Mr. Bates' supervisor and now Mr. Bates needed to address his false statements claims on Mr. Bates' year end evaluation with Mrs. Carleton.

22. After Van Vliet retired, Mr. Bates human resources representative, Mrs. Hicks, told Mr. Bates to build an open and honest relationship with Carol Carleton a woman. However, Mrs. Carleton did not answer or respond to any emails regarding Mr. Bates' questions regarding Mr. Bates' year end evaluation or emails regarding Mr. Bates' plan for improvement (PFI).

23. On March 25, 2022, Mr. Bates sent Mrs. Carleton an email, with Mrs. Hicks cc'ed, and again highlighted false statements on Mr. Bates' year end performance as Mr. Bates did the same with Mr. Van Vliet. Carleton never responded to Mr. Bates' email or addressed the false statements in that email as part of GM's open door process and policy.

24. Mrs. Carleton, a woman, assigned Mr. Bates additional work of other women, but not the work of any men, on top of Mr. Bates' workload that was the largest in the engineering group that Mrs. Carleton was now responsible for after

8

Mr. Van Vliet retired. Mrs. Carleton assigned Mr. Bates the additional work of two women, Diane Tobey and of Jose Christy after Mr. Van Vliet's retirement. Even though Mr. Bates accepted responsibility of Mrs. Tobey and Christy's work as Carleton requested, Mrs. Carleton terminated Mr. Bates' employment at GM on March 9, 2022. Carleton terminated Mr. Bates a week before Mrs. Carleton hired a woman to replace Mr. Van Vliet, a man. Carleton had an illegal bias towards men during Mr. Bates' employment at GM.

25. As the only new African American man in Mr. Bates' engineering group, Mr. Bates has provided facts to prove claims of a hostile work environment, harassment, race discrimination and gender discrimination.

26. During Mr. Bates' employment at GM, Mr. Bates was treated differently due to his race and gender. However, Mr. Bates focused on the positive aspects of his job. Unfortunately, Mr. Bates was terminated based on false accusations of poor job performance despite easily accessible information which Mr. Bates provided and that would have refuted the claims. Further, white employees and women employees in the same positions and job titles working in the same department and under the same manager had much less work. While several employees did not follow GM's policies they enjoyed gainful employment, but Mr. Bates' employment was terminated after following GM's policies closely.

## COUNT I
## RACIAL DISCRIMINATION - TITLE VII, 42 U.S.C. § 2000e
### as to all Defendants

27. All preceding paragraphs are incorporated by reference.

28. At all relevant times, Plaintiff was an employee and Defendant GM was an employer within the meaning of the Title VII, 42 U.S.C. § 2000e *et seq.*

29. Defendants treated and disciplined Plaintiff different than similarly situated white or Caucasian and women employees.

30. Defendant's decision to terminate Plaintiff was based on his race and gender.

31. Defendant's actions were intentional, with reckless indifference and in disregard of Plaintiff's rights and sensibilities.

32. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of pay and benefits, loss of vacation and sick days, loss of career opportunities, humiliation and embarrassment, mental anguish and emotional distress, loss of professional reputation and loss of the ordinary pleasures of everyday life, including the right to pursue his gainful occupation of choice and has incurred court fees and costs of litigation.

## COUNT II
## RACIAL DISCRIMINATION - 42 U.S.C. § 1981 as to all Defendants

33. All preceding paragraphs are incorporated by reference.

34. Mr. Bates is a member of a protected minority class.

35. As an employee, Mr. Bates had a contractual employment relationship with GM.

36. Mr. Bates was terminated for allegedly for poor performance despite his Caucasian co-workers in his same department, who had much less work.

37. The Defendants human resources department under Mrs. Hicks willfully ignored easily accessible evidence provided by Mr. Bates, which would have exonerated Mr. Bates.

38. Mr. Bates alleges that his termination is in violation of his right to make and enforce contracts pursuant to 42 U.S.C. § 1981.

39. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of pay and benefits, loss of vacation and sick days, loss of career opportunities, humiliation and embarrassment, mental anguish and emotional distress, loss of professional reputation and loss of the ordinary pleasures of everyday life, including the right to pursue his gainful occupation of choice and has incurred attorney fees and costs of litigation.

## COUNT III
## RACIAL DISCRIMINATION - ELLIOT-LARSEN CIVIL RIGHTS ACT, M.C.L. § 37.2101 *et. seq.*
## as to all Defendants

40. All preceding paragraphs are incorporated by reference.

41. At all relevant times, Plaintiff was an employee and Defendants were employers and/or agents within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.*

42. Defendants treated and disciplined Plaintiff different than similarly situated Caucasian employees.

43. Plaintiff's race was a factor that made a difference in Defendants' decision to terminate Plaintiff.

44. Defendants' actions were intentional, with reckless indifference and in disregard of Plaintiff's rights and sensibilities.

45. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of pay and benefits, loss of vacation and sick days, loss of career opportunities, humiliation and embarrassment, mental anguish and emotional distress, loss of professional reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue his gainful occupation of choice and incurred substantial liability for attorney fees and costs of litigation.

## COUNT IV
## GENDER DISCRIMINATION - TITLE VII, 42 U.S.C. § 2000e
## as to Defendant GM

All preceding paragraphs are incorporated by reference.

46. At all relevant times, Plaintiff was an employee and Defendant GM was an employer within the meaning of the Title VII, 42 U.S.C. § 2000e *et seq*.

47. Defendants treated and disciplined Plaintiff different than similarly situated Caucasian and women employees.

48. Defendant's decision to terminate Plaintiff was based on his race and gender.

49. Defendant's actions were intentional, with reckless indifference and in disregard of Plaintiff's rights and sensibilities.

50. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of pay and benefits, loss of vacation and sick days, loss of career opportunities, humiliation and embarrassment, mental anguish and emotional distress, loss of professional reputation and loss of the ordinary pleasures of everyday life, including the right to pursue his gainful occupation of choice and has incurred attorney fees and costs of litigation.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a. Declare that the aforementioned practices and actions of Defendant constitute unlawful practices in violation of Title VII, ELCRA, and § 1981;

b. Award Plaintiff all lost wages and benefits, past and future, to which he is entitled;

c. Award Plaintiff appropriate equitable relief;

d. Award Plaintiff compensatory damages;

e. Award Plaintiff exemplary damages;

f. Award Plaintiff punitive damages;

g. Award Plaintiff reasonable attorney fees, costs and interest; and

h. Award such other relief as this Court deems just and proper.

Respectfully submitted,

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Julian F. Bates
*Representing himself (pro se)*
3676 Haverhill
Detroit, MI 48244
(313) 332-9821
DATE: May 5, 2023

Signature of Plaintiff _Julian F. Bates_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
**Julian Francis Bates,**
Case No.
Plaintiff,
vs. Hon.
**General Motors, INC., d/b/a GM,**
**Bruce Van Vliet**
**and Carol Carleton,**
jointly and severally,
Defendants.

JS 44 (Rev. 10/20)                                **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Bates, Julian F.

**DEFENDANTS**
General Motors, Bruce Van Vliet, Carol Carleton

**(b)** County of Residence of First Listed Plaintiff: Wayne
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Wayne
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Julian F. Bates representing himself as Pro se.

Case: 2:23-cv-11071
Assigned To : Cox, Sean F.
Referral Judge: Altman, Kimberly G.
Assign. Date : 5/5/2023 3:18 PM
Description: CMP BATES V. GENERAL MOTORS ET AL (DA)

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(For Diversity Cases Only and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ]1 | [ ]1 | Incorporated or Principal Place of Business In This State | [ ]4 | [ ]4 |
| Citizen of Another State | [ ]2 | [ ]2 | Incorporated and Principal Place of Business In Another State | [ ]5 | [ ]5 |
| Citizen or Subject of a Foreign Country | [ ]3 | [ ]3 | Foreign Nation | [ ]6 | [ ]6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*      Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** / **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act of 1964
Brief description of cause:
Employment Discrimination

**VII. REQUESTED IN COMPLAINT:**
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: May 5, 2023
SIGNATURE OF ATTORNEY OF RECORD: Julian F. Bates

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____