UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIAN FRANCIS BATES,

    Plaintiff,

v.

GENERAL MOTORS LLC,

    Defendant.
_____/

Case No. 2:23-cv-11071
Chief District Judge Sean F. Cox
Magistrate Judge Kimberly G. Altman

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S DEPOSITION (ECF No. 24)** [1]
**AND**
**ORDERING BATES TO ATTEND THE MARCH 26, 2024 DEPOSITION AS NOTICED**

I.    Introduction

This is a civil case. Plaintiff Julian Bates (Bates), proceeding *pro se*, is suing defendant General Motors, LLC (GM), alleging that he was wrongfully terminated from his position as a component validation engineer with GM because of his race and gender. He asserts claims under Title VII and Michigan's Elliot Larsen Civil Rights Act. Before the Court is GM's motion to compel Bates'

---

[1] Upon review of the parties' papers, the undersigned deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

1

deposition during reasonable business hours, (ECF No. 24), which was referred to the undersigned for disposition, (ECF No. 25). Bates filed a response, (ECF No. 31), and GM filed a reply, (ECF No. 32). For the reasons that follow, GM's motion will be GRANTED.

II. Background

GM has attached to its motion emails between its counsel and Bates regarding the scheduling of Bates' deposition, as well as depositions of GM employees that Bates wished to depose. (ECF No. 24-1). The contents of the emails are summarized below,

They begin with an email from Bates to defense counsel on December 29, 2023. (*Id.*, PageID.237). Bates sought to depose GM's employees during the week of January 8, 2024. (*Id.*). He also asked when GM would be taking his deposition. (*Id.*).

GM's counsel responded later that day, giving seven dates that he was available for all of the depositions, but noting he would have to check the availability of the GM witnesses if Bates wished to depose them on any of the dates. (*Id.*, PageID.236-237).

Bates did not respond until January 9, 2024, stating that he was available for GM's deposition of him on January 10. (*Id.*, PageID.236). GM's counsel responded later on January 9, that January 10 was no longer available and asking if

2

January 25 would work for Bates.  (*Id.*).

Bates responded on January 11, 2024, saying that he was starting a new job the following week and would know if the January 25 deposition would work once he got his schedule.  (*Id.*, PageID.235).  He responded again on January 22, 2024, asking if all depositions could be held on weekend dates as his work schedule would not permit time for depositions during weekdays.  (*Id.*).

GM's counsel responded later that day that depositions would need to be held on weekdays, but that the start and end times could be adjusted "outside of business hours to some degree."  (*Id.*).

Although no depositions had occurred by the close of discovery on January 26, 2024, discovery has since been extended to April 25, 2024.  (ECF No. 30).

### III.   Legal Standard

Rule 30 provides broad access to persons for depositions.  Fed. R. Civ. P. 30(a).  When a potential deponent does not comply, the party seeking to take the deposition can move to compel the deposition under Rule 45.  *See* Fed. R. Civ. P. 30(a)(1).[2]  Under Rule 45(d)(3), the Court is only required to quash or modify a subpoena where it

---

[2] GM states that a party may move to compel attendance at a deposition under Rule 37(a)(3); however, this Rule relates to a deponent failing to answer a question at oral deposition.  *See Spicer v. Michigan, et al.*, Case No. 2:19-cv-13718 (E.D. Mich. March 14, 2022) ("Rule 30(a)(1)'s plain text explains that a 'deponent's attendance may be compelled by subpoena under Rule 45.'  Rule 45 is thus the

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3).

## IV. Discussion

In his response, Bates argues that GM failed to adhere to his scheduled deposition on January 10, 2024. (ECF No. 31, PageID.267). The emails attached to both GM's motion and Bates' response belie this argument. January 10 was given as one of seven possible dates to conduct one or more depositions, and Bates waited to respond to GM's counsel's December 29, 2023 email until January 9, 2024, to confirm that he was available the next day. Bates should not be surprised that counsel for GM was no longer available that day. Moreover, GM's counsel offered January 25, 2024, as another possible date for Bates' deposition.

Bates' request that *all* depositions be scheduled for weekend dates, as he was no longer available at any reasonable time on any weekday, is unreasonable. As GM told Bates, depositions could be adjusted to outside work hours as may be

---

proper avenue for Plaintiff to seek recourse for a deponent, such as Defendant, that will not attend a deposition.").

4

necessary. There is no need for any deposition to take place on the a weekend.

Further, Bates says that he is no longer amenable to sitting for oral deposition at all and requests that the Court limit GM to a written deposition. (ECF No. 31, PageID.272). This request is not well-taken and finds no support in the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 30(a)(1) ("A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2).").[3]

Bates is cautioned that, as he has chosen to bring this case against GM, he is required to diligently pursue it. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (holding that a pro se litigant has an affirmative duty to diligently pursue the prosecution of his cause of action). Should he continue to proceed in a manner that prejudices GM's ability to defend itself, his case may be subject to dismissal for failure to prosecute. *Id.*; E.D. Mich. Local Rule 41.2.

Attached to GM's reply is a copy of a subpoena to testify at deposition. (ECF No. 32-3, PageID.297). It was issued on March 15, 2024, and commands Bates' presence at GM's counsel's office on March 26, 2024, at 9:00 AM. (*Id.*).

---

[3] GM also refers to its response to Bates' motion for default judgment, (ECF No. 28), which will be the subject of a forthcoming report and recommendation. In its response, GM points to evidence from Facebook that Bates had spent several days in January traveling in Brazil, (*id.*, PageID.249). GM argues that "[i]t is unreasonable to limit [GM] to taking [Bates'] deposition by written questions to accommodate his lavish vacations." (ECF No. 32, PageID.285).

The Court will order Bates attend this deposition at the date, time, and location indicated. Bates is also cautioned that a failure to do so may subject him to sanctions, up to and including dismissal of this case. Fed. R. Civ. P. 30(d)(2); Fed. R. Civ. P. 37(b)(2) (noting that failure to obey a discovery order, including a subpoena issued by another party, can result in sanctions including dismissal of the action or proceeding in whole or in part).

V. Conclusion

For the reasons stated above, GM's motion to compel Bates' deposition is GRANTED.

Bates shall attend the March 26, 2024 deposition as noticed.

SO ORDERED.

Dated: March 20, 2024  s/Kimberly G. Altman
Detroit, Michigan  KIMBERLY G. ALTMAN
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 20, 2024.

s/Kristen Castaneda
Kristen Castaneda
Case Manager