UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIAN FRANCIS BATES,

    Plaintiff,

v.

GENERAL MOTORS LLC,

    Defendant.
_____/

Case No. 2:23-cv-11071
Chief District Judge Sean F. Cox
Magistrate Judge Kimberly G. Altman

### REPORT AND RECOMMENDATION[1] TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF No. 20)[2]

I.     Introduction

This is a civil case. Plaintiff Julian Bates (Bates), proceeding *pro se*, is suing defendant General Motors, LLC (GM), alleging that he was wrongfully terminated from his position as a component validation engineer with GM because

---

[1] The undersigned must proceed by Report and Recommendation because a motion for default judgment is dispositive and "[o]nly a district court judge can issue a dispositive order." *Willis v. Unknown Detroit Police Officers*, No. 09–13406, 2010 WL 2232164, at *1, n.1 (E.D. Mich. Apr. 29, 2010) (citing *Callier v. Gray*, 167 F.3d 977, 981 (6th Cir. 1999)), *report and recommendation adopted*, 2010 WL 2232160 (E.D. Mich. May 26, 2010).

[2] Upon review of the parties' papers, the undersigned deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

1

of his race and gender. He asserts claims under Title VII and Michigan's Elliot Larsen Civil Rights Act. Before the Court is Bates' motion for default judgment as to GM, (ECF No. 20), which was referred to the undersigned for a Report and Recommendation, (ECF No. 26). GM filed a response, (ECF No. 28), the time for a reply has passed. For the reasons that follow, the undersigned RECOMMENDS that Bates' motion be DENIED.

## II.  Background

On May 5, 2023, Bates filed the complaint against GM.[3] GM filed an answer on June 14, 2023. (ECF No. 6). On August 8, 2023, the district court entered a scheduling order, setting a discovery deadline of January 26, 2024, and dispositive motion cut off of February 27, 2024.

On January 5, 2024, Bates filed a motion to compel discovery from GM. (ECF No. 15). Bates complained that GM had not provided requested documents, but GM explained that it had in fact produced his personnel records as requested, and was "still working to determine if additional documents exist[ed]" that were responsive to his requests and would supplement its responses if so. (ECF No. 17, PageID.87). GM had also offered to stipulate to an extension of the discovery deadline. (*Id.*). GM eventually moved to extend discovery, (ECF No. 23), and

---

[3] Bates also named Bruce Can Vliet and Carol Carlton as defendants. However, they were later dismissed without prejudice for failure to serve each of them. (ECF No. 11)

discovery was extended to April 25, 2024, (ECF No. 30).

The Court denied Bates' motion to compel, finding that he had not shown that GM had failed in its discovery obligations. (ECF No. 19). The Court also noted that Bates had failed to seek concurrence in his motion as required by Local Rule 7.1. (*Id.*).

Bates now seeks default judgment against GM for discovery-related reasons. (ECF No. 20). Specifically, Bates complains of the following:

- Bates made himself available to be deposed on January 10, 2024, and GM canceled the deposition, knowing that Bates was starting a new job on January 16, 2024;

- GM produced 552 pages of discovery documents by electronic means on January 18, 2024, a week before the initial discovery cutoff, though Bates did not consent to service of discovery documents by electronic means as required under Federal Rule of Civil Procedure 5;

- GM never provided deposition dates for GM witnesses Bates wished to depose; and,

- GM filed a discovery motion, (ECF No. 18), within two weeks of the discovery cut off, contravening the district judge's scheduling order, (ECF No. 9).

(ECF No. 20, PageID.167-168).

### III.   Legal Standard

Federal Rule of Civil Procedure 37(b)(2)(C) allows district judges to sanction discovery abusers. A district judge holds a variety of sanctions in his arsenal, the most severe of which is the power to issue a default judgment. Fed. R. Civ. P. 37(b)(2)(B). When a district judge uses his strongest weapon, we look to four factors to see if he abused his

3

> discretion. *Bank One of Cleveland, N.A. v. Abbe,* 916 F.2d 1067, 1073 (6th Cir. 1990). They are: 1) whether the disobedient party acted in willful bad faith; 2) whether the opposing party suffered prejudice; 3) whether the court warned the disobedient party that failure to cooperate could result in a default judgment; and 4) whether less drastic sanctions were imposed or considered. *Ibid.*

*Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir. 2008).

IV. Discussion

As an initial matter, Bates has again failed to seek concurrence before filing his motion as required by the local rules. *See* E.D. Mich. LR 7.1. Bates is cautioned that future motions filed without first seeking concurrence may be stricken for that reason.

Additionally, Bates moved for default judgment based on Michigan Court Rule 2.603, which does not apply to this proceeding in federal court. As noted above, Federal Rule of Civil Procedure 37(b)(2)(C) applies to sanctions for discovery abuses in federal cases. *See Barnes v. Sun Chem. Corp.*, 164 F. Supp. 3d 994, 1000 (W.D. Mich. 2016) (holding that courts apply the federal procedural rules in federal courts).

On the merits, Bates has not shown any conduct by GM that would warrant a discovery sanction, much less the harsh sanction of default judgment. Regarding deposition scheduling, as outlined in this Court's recent order granting GM's motion to compel, (ECF No. 33), GM provided several January 2024 dates in December 2023 for depositions to occur. The day before one of those dates,

4

January 10, 2024, Bates informed GM that he was available. Unsurprisingly, this date was no longer available for GM's counsel. Bates then advised that he would be unable to be deposed or conduct any depositions himself on weekdays. The Court found this unacceptable and has ordered Bates to sit for a properly noticed deposition on March 26, 2024. (ECF No. 33). Thus, Bates has not shown that GM has acted unreasonably in attempting to depose him or allow him to depose its witnesses.

As to the discovery documents provided to Bates, if he wishes to receive discovery in a non-electronic format, he can discuss this with GM's counsel. Providing electronic documents without prior consent is not grounds for default judgment against a party. And because discovery has been extended to April 2024, the timeliness of GM's responses is not an issue. Indeed, the Court denied Bates' prior motion to compel based on GM's discovery responses.

Lastly, GM's motion to extend discovery and compel Bates' deposition, (ECF No. 18), was stricken by the district judge for combining two motions together, (ECF No. 22), not for its untimeliness. GM was given leave to file the two motions separately, and each was granted. This does not constitute sanctionable conduct.

V. Conclusion

For the reasons stated above, the undersigned RECOMMENDS that Bates'

motion for default judgment, (ECF No. 20), be DENIED.

Dated: March 20, 2024  s/Kimberly G. Altman
Detroit, Michigan  KIMBERLY G. ALTMAN
United States Magistrate Judge

**NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 20, 2024.

s/Kristen Castaneda
Kristen Castaneda
Case Manager